IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN PODKULSKI,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN TROST, WARDEN BUTLER, WARDEN WILLIAMS, WARDEN LYRCIA, JOHN DOE, and JANE DOE,<br><br>    Defendants. | Case No. 3:17-CV-1284-NJR-MAB |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

The matter is currently before the Court *sua sponte* for case management purposes. Plaintiff Steven Podkulski filed suit in the Southern District of Illinois on November 27, 2017, along with a motion to proceed *in forma pauperis* ("IFP"). Docs. 1, 2. Podkulski listed his address as a home on Ocean Street in Lynn, Massachusetts, and insinuated that he was not incarcerated. Docs. 1, 2, 3.

The fact of incarceration matters because a plaintiff who is a prisoner at the time his case is filed is subject to the restrictions of the Prison Litigation Reform Act. In particular, the Court is required to promptly screen the complaint and dismiss any claims that are frivolous, malicious, or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A. And anytime a case or an appeal is dismissed for one of these reasons, the plaintiff incurs a "strike." 28 U.S.C. § 1915g. Once the plaintiff earns three strikes, he is prohibited from proceeding IFP in any future civil action or on any appeal, unless he

is under imminent danger of serious physical injury. *Id.*

The Court, operating under the assumption that Podkulski was not a prisoner at the time he filed suit, assessed and granted Podkulski's motion to proceed IFP. Doc. 6. The Court then reviewed Podkulski's complaint and determined that some of his claims were improperly joined in the action, and those claims were severed into two separate cases: 18-cv-214-NJR-MAB and 18-cv-246-MJR. *Id.* at Doc. 7. Podkulski was permitted to proceed IFP in case 18-cv-214-NJR-MAB. *Podkulski v. Butler*, Case No. 18-cv-214-NJR-MAB (S.D. Ill.), Doc. 7. But in case 18-cv-246-MJR, it was determined that Podkulski's claim was legally frivolous, and he was consequently denied leave to proceed IFP and his complaint was dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *Podkulski v. Niepert*, Case No. 18-cv-246-MJR (S.D. Ill.), Doc. 5.

The Court has since learned that it was incorrect about Podkulski's status as a non-prisoner. The Court's own research revealed that Podkulski has an extensive litigation history in the federal district courts in Illinois. In fact, he has filed over *thirty* lawsuits. After reviewing the docket in many of those lawsuits, as well as consulting publicly-available databases and running Google searches of Podkulski's name, the Court now knows that Podkulski was incarcerated in the Illinois Department of Corrections in 2001 following convictions on burglary and theft charges. *People v. Podkulski*, Case no. 1-12-2554, 2014 WL 5315178 (Ill. App. Ct. Oct. 16, 2014); *People v. Podkulski*, Case no. 3-12-0375, 2013 WL 5728256 (Ill. App. Ct. Oct. 17, 2013). He was scheduled to be released on parole October 22, 2014, but he was arrested that very day for the stabbing death of a woman

twelve years earlier.[1] Podkulski was booked into the Cook County Jail on October 23, 2014, and remains there to this day.[2]

This, of course, means that Podkulski was incarcerated at the time he filed his complaint in this case on November 27, 2017. Unfortunately, however, Podkulski omitted any mention in his complaint (and the documents filed contemporaneously with his complaint) that he was incarcerated. Docs. 1, 2, 3. He also took steps to actively *conceal* the fact that he was incarcerated by providing the Court with the address of a private home. The Court notes this is not the first time Podkulski has done such a thing. Podkulski filed IFP motions misrepresenting that he was not incarcerated in at least two other cases in the Northern District of Illinois; those cases were dismissed when Podkulski failed to respond to show cause orders regarding his deception. *See Podkulski v. Miles, et al.*, Case No. 17 C 8629, Docs. 18, 20 (N.D. Ill. May 23, 2019); *Podkulski v. Williams, et al.*, Case No. 14 C 10104, Docs. 9, 21 (N.D. Ill. June 8, 2015).

The Court has also learned that Podkulski incurred three strikes prior to filing his lawsuit in this district. At least three of approximately thirty civil rights actions Podkulski has filed while he was incarcerated or detained have been dismissed on the grounds that

---

[1] Don Babwin, *Man Charged in 2002 Suburban Chicago Slaying*, ASSOCIATED PRESS, *available at* https://www2.illinois.gov/idoc/news/IDOCintheNews/Documents/2014/Bedford%20Park%20Cold%20Case%20IDOC%20Help%2023Oct14.pdf (last visited June 25, 2019); B.J. Lutz and Lauren Petty, *Man Charged in 2002 Bedford Park Cold Case*, NBCCHICAGO.COM, https://www.nbcchicago.com/news/local/bedford-park-cold-case-jennifer-boyd-280186442.html (last visited June 25, 2019).

[2] This information is available on the Cook County Sheriff's website at: https://inmatelocator.ccsheriff.org/ (last visited June 25, 2019).

they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Podkulski v. Snyder*, Case No. 03 CV 5924 (N.D. Ill.) (Doc. 4) (dismissing case pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state an actionable federal claim); *Podkulski v. Walker*, Case No. 07 CV 1664 (N.D. Ill.) (Doc. 8) (dismissing case pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state an actionable claim); and *Podkulski v. Olson*, Case No. 16 CV 3331 (N.D. Ill.) (Doc. 51) (dismissing case on the basis of res judicata).[3] Consequently, Podkulski is no longer entitled to proceed IFP without prepayment of the filing fee unless he is in imminent danger.

By all appearances, Podkulski was aware that he had struck out before he filed his lawsuit in this district on November 27, 2017, because he had been told as much just fourteen days earlier in one of his other lawsuits in the Northern District of Illinois. *Podkulski v. Merritt, et al.* Case No. 18-cv-7205 (N.D. Ill.) (Doc. 6). "A litigant who knows that he has accumulated three or more frivolous suits or appeals must alert the court to that fact." *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (citing *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir.1999)). But at the outset of his case, Podkulski did not disclose to this Court his full litigation history, nor did he indicate that he had received three strikes. *Podkulski v. Trost, et al.*, Case No. 17-cv-1284-NJR-GCS (S.D. Ill.), *see* Doc. 1, pp. 2, 6. He also did not make any effort to correct the Court's oversight of this fact, and he accepted the benefit of proceeding without prepaying the filing fee, which he knows he

---

[3] *Gleash v. Yuswak*, 308 F.3d 758, 762 (7th Cir. 2002) (explaining that suit dismissed on the basis of claim preclusion (res judicata) was frivolous).

is not entitled to.

Because of Podkulski's deception—or perhaps outright fraud—regarding his incarceration and status as a three-striker, his case is dismissed with prejudice. *Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017) ("Restricted filers must still alert the court to their three-strikes status or risk dismissal and termination of their suits 'not only for lack of payment but also as a sanction for misconduct.'") (quoting *Ammons*, 547 F.3d at 725). *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) ("Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed *in forma pauperis* after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit.") *See also Hoskins v. Dart*, 633 F.3d 541, 544 (7th Cir. 2011) (affirming dismissal of case for deception about litigation history).

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  June 26, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**